Louis L. ANGELL, Administrator, *vs.* WILLIAM R. STEERE.

An administrator was authorized by the probate court to sell his intestate's realty. To a bill for specific performance brought by the administrator against the purchaser, the latter replied that the members of the probate court had never taken their oaths of office, and hence the authority given to the administrator was void.

*Held*, it appearing that the members of the probate court had been duly elected, had acted as members of the court, had been recognized as such, and that no other persons had so acted or been so recognized, that they were *de facto* members of the court; and that their acts done officially were, as to the public and third persons having an interest in such acts, as valid as if they had been duly sworn.

*Held*, further, that specific performance should be decreed.

BILL IN EQUITY for specific performance.

*April* 14, 1888. PER CURIAM. The complainant, having been appointed by the Court of Probate of the town of Johnston administrator, with the will annexed, on the estate of William W. Steere, late of said town, deceased, in March, 1887, subsequently, under leave of said court granted in May, 1887, sold said Steere's interest in certain real estate in said town to the defendant, who refuses to complete the sale by taking the deed and paying the purchase money. The complainant brings this suit for specific performance. The defendant sets up, as his sole defence, that the persons acting as members of the Court of Probate when the complainant was appointed administrator, and when he was author-

ized to sell, were not qualified to act as such, having never taken their oaths of office. The answer, however, admits their election in the previous June, and that from that time they acted as members of the court and were recognized as such, and that no other persons so acted or were recognized. They were by the admission members *de facto* of the court, and, according to the well-known rule, their acts done officially were, as to the public and third persons having an interest in their acts, as valid as if they had been duly sworn. *Bucknam* v. *Ruggles*, 15 Mass. 180 ; *Olney* v. *Pearce*, 1 R. I. 292; *The People* v. *Collins*, 7 Johns. Rep. 549; *Burke* v. *Elliott*, 4 Ired. 355; Murfree on Sheriffs, cap. 29, and cases cited. The question whether the members are qualified by being duly sworn can only be raised in a case to which they or some one or more of them are parties. Murfree on Sheriffs, § 1148; *Fowler* v. *Bebee*, 9 Mass. 231; 6 Amer. Decis. 62; *Bucknam* v. *Ruggles*, *supra*. The defence cannot avail. Let specific performance be decreed.

*Louis L. Angell, pro se ipso.*