State, *ex rel.* Jacksonville Ice and Cold Storage Company, a corporation, also known as Jax Ice and Cold Storage Company, v. Hon. DeWitt T. Gray, A. D. McNeill and Bayard B. Shields, as Circuit Judges of the Fourth Judicial Circuit in and for Duval County, Florida, and Miles W. Lewis, as Judge of the Circuit Court of Duval County, Florida; and Sam Young.

177 So. 849.
Opinion Filed December 14, 1937.
Rehearing Denied January 17, 1938.

*Edward S. Hemphill* and *Sam R. Marks,* for Relator;

*Lester W. Jennings* and *William D. Barnes,* for Respondents.

CHAPMAN, J.—The parties will be referred to in this opinion as they appeared in the court below as plaintiff and defendant. On June 16, 1936, relator filed in this Court a suggestion for a writ of prohibition against, viz.: Hon. DeWitt T. Gray, A. D. McNeill and Bayard B. Shields, as Circuit Judges of the Fourth Judicial Circuit in and for Duval County, Florida, and Miles W. Lewis, as Judge of the Circuit Court of Duval County, Florida; the petition made it to appear, among other things, that on May 1, 1931,

Sam Young, plaintiff, filed an ejectment suit in the Circuit Court of Duval County against Jacksonville Ice and Cold Storage Company, a corporation, the defendant. A declaration and plea of not guilty were filed and the issues settled and the cause appeared upon the Circuit Court docket and was continued by the court from time to time. The cause was sounded by the lower court upon the trial docket on November 29, 1934. On June 12, 1935, the defendant filed its motion for dismissal and same granted, without notice, under Chapter 14554, Laws of Florida, 1929. On August 17, 1935, plaintiff filed a petition for reinstatement of the cause, and a demurrer was directed to said petition for reinstatement and upon hearing was overruled. Defendant filed an amended answer to said petition and plaintiff directed a demurrer thereto and upon hearing before the court below, the answer was sustained and the cause reinstated and placed upon the docket by an order dated December 20, 1935. The petition further relates that the respondents are exceeding the jurisdiction of the Circuit Court by proceeding to try the above ejectment suit and prays for issuance of a writ of prohibition against the respondents, *supra.*

On June 18, 1936, a rule *nisi* in prohibition issued out of this Court directed to each of the respondents, requiring each to show cause on or before July 1, 1936, why a writ of prohibition should not be issued as prayed. On June 30, 1936, the respondents, *supra,* filed a demurrer to the suggestion for a writ of prohibition on the grounds, viz.: (a) The Circuit Court had trial jurisdiction of the ejectment suit; (b) relator's remedy is reviewable by a writ of error; (c) the suggestion of relator states no cause of action; (d) conclusions of relator, and other grounds unnecessary to recite for a decision of this cause. .

The cause is before this Court on demurrer to the suggestion for a writ of prohibition and the question for decision here is: From the facts appearing in the suggestion for a writ of prohibition did the respondents, as Judges, *supra,* exceed their lawful jurisdiction in entering the order dated December 20, 1935, reinstating the said ejectment suit? If respondents had authority to reinstate the cause, it was conferred by Chapter 14554, Acts of 1929, viz.:

"Section 1. All actions at law or suits in equity pending in the several Courts of the State of Florida in which there shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of three (3) years, shall be deemed abated for want of prosecution and the same shall be dismissed by the Court having jurisdiction of the cause, upon motion of any person, firm or corporation interested, whether a party to the action or suit or not, without revivor or notice; provided this Act shall not become effective in respect to actions or suits now pending until the first day of January, A. D. 1930. Provided, further, that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the Court filed by any party in interest within six months after such order of dismissal."

It will be observed that Circuit Courts have authority to reinstate actions or suit previously dismissed when it is made to appear by petition for good cause or substantial reasons why the same should be reinstated. The statute clothes the court with judgment, discretion and prudence in its effort to do justice as between litigants and the court below saw and heard the parties, considered the facts alleged for reinstatement made and entered the order in question. The discretion was exercised when the order of reinstatement was entered.

Let us next determine if the order has as its basis a question of law or a question of law and fact. The record shows the facts were set up in a petition and presented and a demurrer thereto was overruled, when an amended answer to the facts set up in the petition was presented and a demurrer thereto sustained, and from these proceedings it certainly appears that fact and law were involved that invoked the judicial discretion of the court below.

If it is a question of law and no discretion involved, and the ruling was one affecting the exercise of jurisdiction, then relator has a standing in this Court. Section 11 of Article V of the Constitution of Florida gives the Circuit Courts of Florida original jurisdiction of "action of ejectment and all other actions involving the title or boundaries of real estate." Sections 5040, 5041, 5042, 5043, 5044, 5045 and 5046, C. G. L. 1927. We therefore hold the lower court had jurisdiction to try the ejectment suit. This Court held in Crill, *et al.,* v. State Road Department, 96 Fla. 110, text p. 115, 117 Sou. Rep. 795:

"The writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. * * *"

We fail to see or observe wherein the respondent Judges of the Circuit Court of Duval County in the reinstatement of the ejectment action of Sam Young v. Jacksonville Ice and Cold Storage Company, or in proceeding to try the same, are usurping or exercising a jurisdiction with which it has not been vested by law. See Crill, *et al.,* v. State Road Department, *supra.* The demurrer to the suggestion for the writ of prohibition is sustained and the rule to

show cause herein is discharged and the peremptory writ denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.