## PEARCE v. SERRALLES EVERGLADES FARMS, Inc.

Civil Court of Record, Dade County.
December 20, 1951.

———•———

Davant, Letts & White, Miami, for plaintiff.

Hunt, Salley & Roman, Miami, for defendant.

Robert L. Casey, Miami, amicus curiae.

DAVID J. HEFFERNAN, Judge.

On December 14, 1949, plaintiff filed his declaration for $1,000 damages to his automobile, involved in an accident with defendant's truck. The declaration having been filed before January 1, 1950, the court rules and statutes in effect prior to that date are applicable.

After the disposition of a demurrer and sundry motions, defendant on April 7, 1950, filed its pleas and a counterclaim for $858.30 damages to its truck. Plaintiff filed no pleading to the counterclaim prior to June 6, 1950, when the clerk of the court entered a default against plaintiff and cross-defendant "for want of plea or demurrer to defendant's counterclaim."

Over a year later, on August 15, 1951, plaintiff filed a denial of the allegations in the counterclaim. On October 18, 1951, plaintiff's suit was dismissed for want of prosecution, and on October 22, 1951, without notice to plaintiff, defendant took judgment by default for $858.30 on its counterclaim, having first obtained a jury's verdict in that amount.

Thereafter on November 5, 1951, plaintiff filed motions to re-open the default, vacate the judgment and stay execution thereof. The court stayed execution on November 6, 1951, and since that time, filing explanatory affidavits, plaintiff has moved the court to reinstate his suit.

It was apparently on the authority of section 50.08 F.S.A. (1949) that the clerk entered default on the defendant's counterclaim. The clerk's authority to enter default under this section is strictly construed, Kroier v. Kroier (Fla.), 116 So. 753; Arcadia Citrus Growers v. Hollingsworth (Fla.), 185 So. 431; Cosmopolitan Fire Insurance Co. v. Boatwright (Fla.), 51 So. 540, and in the absence of express authority the clerk has no power to enter default.

Section 50.08 merely provides: "whenever the plaintiff or counterclaimant . . . is entitled . . . to a default and . . . *the clerk has authority to enter such default . . .*" he shall do so. Search must therefore be made elsewhere than in this section for the clerk's statutory authority, if any, to enter a default on a counterclaim. I find no statute conferring such authority on the clerk, and it is my conclusion that he has no authority to enter default on a counterclaim.

Assuming arguendo that the clerk had such authority, I find that none of the court rules or statutes dealing with set-off or counterclaim made it mandatory upon the plaintiff to file responsive pleadings to the counterclaim. The following statutes deal with replications by the plaintiff and in the absence of express statutes dealing with counterclaims are controlling:

> Section 50.06 F.S.A. *Time for filing replication.* Replications shall be filed at the rule day next succeeding that upon which the plea shall have been filed; but all issues shall be made up by the first day of the next succeeding term, and within such period from the filing of the plea, and as to the filing of the replication and other pleadings, as may be provided for by the rules of court existing, or which may be adopted.

> Section 50.07 F.S.A. *When case considered at issue.* Any defendant who has filed a plea may give the plaintiff's attorney, or the plaintiff if he has no attorney, notice of the same, and if the plaintiff does not take issue upon such plea, or reply, or demur to the same on the rule day succeeding that on which the plea is filed, the plaintiff shall be considered as having taken issue upon such plea and the case shall proceed to trial accordingly.

The effect of the above statutes is to permit the plaintiff, at his discretion, to file replications to any pleas, but in the absence of a replication they provide for an automatic denial of pleas and a joinder of the issue.

Common Law Rule 38 (old), as set forth in Arnow, Florida Practice Rules Annotated, page 40, expressly covers counterclaims in the italicized portion of the rule below:

> Rule 38. *Joinder of issue abolished.* — No joinder of issue upon any demurrer, plea or subsequent pleading shall be required. Where any plea, replication *or subsequent pleading shall be filed making affirmative allegations against the opposite party,* in the absence of any pleading filed directed thereto the same shall be considered as denied and issues made accordingly.

See also Carroll v. Gore (Fla.), 143 So. 633, wherein it was held that no replication is necessary by the plaintiff to pleas

containing new matter; and Crandall, Common Law Practice, 1940 Supp., section 53(f) : *"Default, where not proper . . .* in view of Circuit Court Rule 38 there can be no default for failure to file a replication or subsequent pleading."

Inasmuch as plaintiff was under no duty to file responsive pleadings to the counterclaim, I must hold that he was never in default and the entry by the clerk of a default against him was without authority in law.

It is well established that a judgment entered by the clerk without authority is void, and may be set aside at any time irrespective of the expiration of term or passage of time. Sedgwick v. Dawkins, 16 Fla. 198; St. Lucie Estates v. Palm Beach Plumbing Supply Co. (Fla.), 133 So. 841. The court may now vacate the default judgment despite the fact that the term in which it was entered has expired and more than sixty days have elapsed.

Within the same term of court, on November 5, 1951, plaintiff moved to vacate the final judgment for $858.30 entered on October 22, 1951. The court has inherent and absolute control over its judgments during the term in which they are entered, and may set aside a judgment entered during such period for good cause shown. Revell v. Dishong (Fla.), 175 So. 905; Alabama Hotel Co. v. J. L. Mott Iron Works (Fla.), 98 So. 825.

Statements in the motions and affidavits filed indicate a situation establishing good cause for vacating the judgment on the ground of mistake or excusable neglect, it appearing that the file became lost in the plaintiff's attorney's office due to the mistake or negligence of his secretary, and it further appearing that plaintiff's attorney was recalled into military service during the period of time pertinent to this proceeding. See Freeman on Judgments, vol. 1, secs. 241, 248 and 250. The default entered on June 6, 1950 and the judgment entered on October 22, 1951 will be vacated.

The court has authority to reinstate suits which have been dismissed for want of prosecution when good cause is shown and application is made within six months from the entry of the order. State, ex rel Jacksonville Ice & Cold Storage Co. v. Gray (Fla.), 177 So. 849; and section 45.19 F.S.A. (1949). The statements in the motions and affidavits filed make a sufficient showing to justify reinstatement of plaintiff's suit. It is the modern day philosophy of law to avoid technicalities and to

encourage the trial of cases on their merits, particularly when this may be done without injury to either party. In this case reinstatement will work no hardship on the defendant and will permit a trial on the merits. The order of October 18, 1951 dismissing plaintiff's suit for want of prosecution will be vacated, and plaintiff's motion to reinstate will be granted.

Counsel will submit orders in accordance with the foregoing. The court wishes to thank Robert L. Casey, Esq., of Miami, for his brief as amicus curiae.