## Samuel Manekofsky *vs.* Kenneth Baker.

### March 28, 1961.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an action of trespass on the case for negligence brought to recover damages alleged to have resulted from a collision between two motor vehicles. On June 24, 1960 after the case had been called for trial in the superior court, the plaintiff was nonsuited by a justice of that court. The case is before us on the plaintiff's exception to that ruling of the superior court.

The instant action was instituted by the service of a writ of summons on defendant on November 7, 1957. Thereafter, on February 24, 1960, the case went to trial before a justice of the superior court sitting with a jury, and in the course of that trial on February 26, 1960 the case was taken from the jury and passed. On the motion of defendant the case was again assigned to the jury trial calendar for trial on June 23, 1960.

It appears from the record that on Thursday, June 23, 1960, at the call of the jury trial calendar for that day an associate of the attorney who had been designated as plaintiff's trial counsel called the case ready for trial. Neither plaintiff nor his designated trial counsel was in court, and it does not appear that plaintiff had been informed that

the case was in order for trial on that day. Counsel for defendant and defendant were in court where they remained in attendance until three o'clock in the afternoon, when the case was reached for trial. The court was then informed by plaintiff's associate counsel that he was without authority to proceed with the trial and that he had called the case ready at the call of the calendar intending that it would be held ready for trial subject to engagements of trial counsel with other justices of the superior court.

The trial justice then called a short recess in order to permit plaintiff's trial counsel to appear. Upon appearing, trial counsel informed the court, in substance, that he would be unable to proceed with the trial of the instant case because of two engagements he had with other justices of the superior court sitting as courts of domestic relations. It appears that these engagements both involved the further trial of continued cases, one scheduled to be resumed on Monday, June 27, and the other on Wednesday, June 29. The trial justice, ruling that the instant case had been properly reached for trial, ordered counsel for both parties to proceed therewith. However, upon learning that the panel of spare jurors had been excused until the following morning, he then ordered the case continued to the following day, June 24, at 10 a.m.

At the opening of court on the following day, plaintiff's trial counsel again addressed himself to the trial justice and made a rather lengthy explanation of the circumstances which, in his opinion, would warrant his being excused from proceeding with the trial in the instant case. In the course of making such explanation he also offered to proceed with a trial of the instant case but conditioned such action on his being excused to keep his engagement with another justice of the superior court on Monday, June 27. He further conditioned such offer on being permitted to make some arrangement concerning his engagement with the superior court on Wednesday, June 29. The trial justice, however,

380

without reference to such offers, ordered the parties to proceed to trial and to continue therewith until completion. The trial counsel thereupon declined, albeit respectfully, to comply with the order of the court, and the trial justice, acting sua sponte, nonsuited plaintiff. To that ruling plaintiff took an exception.

In arguing this case, counsel for each of the parties appears to assume that plaintiff moved for a continuance and that such motion was denied by the trial justice. It does not appear from the record, however, that plaintiff did expressly move for a continuance. There is language in the transcript from which it can be inferred that plaintiff desired a continuance, but nowhere can we find plaintiff expressly moving for such a continuance.

This court will not lightly undertake to review an exercise of judicial discretion on the part of a trial court. Certainly such an issue may not be raised in this court on the basis of a presumption that a trial court acted in an exercise of its judicial discretion. Such an issue will be raised only on an exception that was properly taken to a ruling by the trial court on a motion clearly and expressly stated. It is the duty of a trial counsel who desires an exercise of a trial court's judicial discretion to invoke such action on the part of that court through the medium of an appropriate motion wherein the purpose thereof is clearly and expressly stated. There having been no appropriate motion for a continuance made in the instant case, there was no ruling by the court that would be the subject of a valid exception under which we would be required to review the court's discretion.

There is before us, however, plaintiff's exception to the ruling of the trial justice nonsuiting plaintiff. It is clear that the trial justice, in so acting, did not nonsuit plaintiff because of an insufficiency of evidence. His action was obviously punitive in character and was directed at the refusal of counsel for plaintiff to proceed to trial as ordered.

This court has recognized that a trial court possesses an inherent power to enforce its own orders and that in appropriate circumstances an action at law may be dismissed pursuant to that power. In *Sayles* v. *McLaughlin*, 63 R. I. 271 this court decided that the superior court was without power to dismiss an action at law for want of prosecution but went on to say by way of dicta at page 277: "We can see some justification for a dismissal for an unjustified and persistent refusal of the plaintiff to obey an order of the court. No other punishment may sometimes be adequate or effective."

In *Levy* v. *Gerhard*, 74 R. I. 288, this question was presented directly to the court in a case involving plaintiff's failure to comply with an order of the court to file a bill of particulars. This court again gave its approval to the proposition that a trial court has the inherent power to enforce its own orders and to that end may dismiss a case in appropriate circumstances. In that case the defendant had moved for dismissal, and this court said that when acting on such a motion the trial court was required to exercise a sound judicial discretion in view of the *special* circumstances presented by the motion. As to what constitutes an exercise of sound judicial discretion, this court said in *Colitz* v. *Gilbert*, 53 R. I. 319, at page 321, that judicial discretion "must be exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action." In other words, a trial justice in exercising his judicial discretion on a motion to dismiss must do so with a scrupulous regard for the rights of the parties to the action and that would be so even where he acted sua sponte.

In our opinion the trial justice in the instant case did not exercise his discretion with a view to its effect upon the rights of plaintiff himself. This conclusion is to be necessarily inferred from the fact that plaintiff was not present and, so far as the record reveals, was not aware that his case had been set down for trial or had been called ready and

reached. In such circumstances we are constrained to hold that the nonsuiting of plaintiff here by the trial justice constituted an abuse of his judicial discretion. At this point in the proceedings the trial justice, acting under the provisions of rule 15 of the rules of the superior court, could have granted an appropriate motion for a continuance, if made by plaintiff, subject to the payment by him of witness fees and a reasonable counsel fee.

In sustaining this exception of the plaintiff, we are not giving approval to the conduct of the plaintiff's counsel in refusing to obey the superior court when it ordered him to proceed to trial on the morning of Friday, June 24. At that time he was under no commitment to appear before any other justice of that court and, such being the fact, it was his clear duty to proceed to trial and to continue therewith until that action conflicted with his obligation to another justice of that court. If and when such conflict came to pass, the plaintiff's counsel could then move the court for its advice and direction, and we are unable to conclude that in such circumstances any justice of the superior court would not act in such a manner as to resolve that conflict.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

### On Motion for Reargument.
#### APRIL 7, 1961.

Per Curiam. After our decision in the above case was filed, the defendant was granted permission to present a motion for reargument. Pursuant thereto he has filed such a motion setting out therein the particular reasons on which he bases his contention that justice requires a reargument of the case.

In the opinion filed this court stated that it found inferentially that "plaintiff was not present and, so far as the record reveals, was not aware that his case had been set down for trial or had been called ready and reached." The

defendant now desires to contradict that inference and offers for our perusal an affidavit wherein he deposes that to his knowledge plaintiff was in the courtroom at the time the nonsuit was entered.

In the first place, the finding of an inferential fact was not entirely controlling on the decision reached on the issue raised. However, we are more concerned with defendant's desire to enlarge the record before the court when this decision was reached through the device of filing an affidavit wherein matters are asserted which would contradict that record. This court will not, in the absence of a compelling reason therefor, permit a party to an appellate proceeding to enlarge the record therein through the filing of such affidavits. To indulge such a practice would not only unduly prolong the litigation but would render appellate proceedings inconclusive.

It is a further contention of the defendant that the decision of the court as set out in the opinion may substantially erode the rule of law that the actions of counsel bind the client. With this we do not agree. That there are limitations upon the power of counsel to bind his client is well known. See *Cohen* v. *Goldman*, 85 R. I. 434. Further, the decision in this case did not pass upon an issue involving the extent to which actions of counsel bind his client. Rather, the issue upon which this case was decided was whether a trial justice, purporting to act upon a matter within his judicial discretion, abused that discretion. We perceive no sound reason for hearing this case on reargument.

Motion denied.

*Kirshenbaum & Kirshenbaum, John F. Sheehan,* for plaintiff.

*Sherwood & Clifford, Kirk Hanson, E. Howland Bowen,* for defendant.