ANTHONY J. RANALLI *vs.* WILLIAM H. EDWARDS *et al.,*
*Co-Adm'rs of the Estate of Vermiglia Ranalli.*

SAME *vs.* WILLIAM H. EDWARDS *et al., Co-Adm'rs of the*
*Estate of Salvatore Ranalli.*

SAME *vs.* WILLIAM H. EDWARDS *et al., Co-Adm'rs of the*
*Estate of Salvatore Ranalli.*

JULY 13, 1964.

PRESENT: Condon, C.J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. These are appeals from three decrees of the probate court of the city of Pawtucket granting petitions of the co-administrators of two estates for permission to sell the interests of the respective decedents in certain described real estate for the purpose of effecting a prompt and efficient settlement of such estates. The appeals were heard de novo by a justice of the superior court sitting without a jury, who thereafter entered a decree affirming the decree of the probate court in each instance. In each case the appellant has prosecuted a bill of exceptions therefrom to this court.

It is not disputed that appellees are the duly appointed and qualified co-administrators of the estate of Vermiglia Ranalli and co-administrators d.b.n.c.t.a. of the estate of Salvatore Ranalli, who had been husband and wife and whose heirs-at-law include appellant here. It was agreed that the administration of the estate of Salvatore involved the disposition of several parcels of real estate, two of which were in part owned by Vermiglia, and that the heirs-at-law were unable to agree on a disposition for such realty. For this reason the co-administrators petitioned the probate court for permission to sell the real estate pursuant to G. L. 1956, §33-12-6. The appellant, however, appears to contend that these petitions were filed under §33-19-3.

They were heard and determined by the city solicitor of the city of Pawtucket acting as judge of the probate court by virtue of his appointment to that office specifically for such purpose. His appointment was made by the mayor of the city, who purported to act under the authority conferred upon him in chap. 5, sec. 2-500, of the city charter to appoint that officer to act as probate judge whenever the latter was absent from the jurisdiction or incapacitated. The record discloses that in each case the mayor certified the absence of the probate judge from the jurisdiction.

In this court appellant contends, inter alia, that the decrees of the superior court are null and void. Expressly conceding that the superior court hears probate appeals de novo, he argues that its decrees in the instant cases are void because they purport to affirm decrees of the probate court which, he alleges, are void because entered by a usurper of the office of judge of that court. It is difficult to reconcile this concession as to the de novo character of the hearing in the superior court with appellant's conclusion that its exercise of such an appellate jurisdiction is rendered null with reference to the decrees of the subordinate tribunal. However, because of the view we take as to the legal effect of the provisions of the city charter which authorize the mayor to designate an acting probate judge in specific circumstances, we need not decide whether the jurisdiction of the superior court to hear probate appeals can properly be exercised where the probate court acted in excess of its jurisdiction.

Section 2-500 of the city charter requires the election of a judge of probate by a majority of the city council and further provides that "In case of the sickness, absence from the city or other disability or ineligibility of the judge of the probate court to serve, the mayor may appoint the city solicitor * * * to perform the duties of said judge during the sickness, absence or other inability or ineligibility of said judge." Section 2-500 of the city charter clearly is an exercise of the delegated power to elect a judge of probate purporting to provide also for the designation of the city solicitor to act in that capacity when the elected judge is unable to serve for any of the reasons set out in that statute.

The petitioner argues that the charter provision for the designation of an acting judge of probate is void as being contrary to the provisions of G. L. 1956, §8-9-5, wherein the legislature, having in §8-9-4 delegated to local legislatures the authority to elect judges of probate in specified circumstances, further provides that where a probate judge

is unable to perform his duties, the judicial function devolves upon the town council to be exercised by that body as if a judge had not been elected. He relies in so arguing on the view that this court took in *State* v. *Krzak,* 97 R. I. 156, 196 A.2d 417, that the home rule amendment, so called, art. XXVIII of amendments to the constitution of this state, does not impair the supremacy of the general assembly in matters other than those of strictly local concern. We do not perceive that to be the issue here raised. Rather, the question before us is whether the legislative intent, as disclosed in the terms of the statute, is to delegate the power to elect probate judges to the cities and towns but to withhold therefrom the authority to designate an acting probate judge when the elected judge is unable to serve for any of the specified reasons. We cannot agree that the statute discloses such an intent to so limit the delegated authority to designate judges of probate.

The legislature, after delegating to the city and town councils the power to elect probate judges in what is now §8-9-4, went on to provide in what is now §8-9-5 as follows: "Unless otherwise provided, whenever the judge of probate in any city or town is a party or is interested in any case arising in his town, or is absent or unable to perform his duties, the town council of such town shall perform such duties in the same manner as if no judge of probate had been elected." The latter section then by way of proviso makes an exception to the provision above quoted in the case of the town of Bristol and the city of Newport, specifically providing that in each of these municipalities when the probate judge is unable to serve the duties of the office, they will be performed by a municipal officer designated in the statute. The thrust of appellant's argument is that the enactment of these exceptions by way of proviso discloses an intent on the part of the legislature to reserve to itself the power to provide for the designation of acting probate judges as exceptions to the provision of the statute

that, absent the judge, the town council shall act as a probate court.

Prior to the 1956 codification of our general laws, the statutory provisions therein designated as §§8-9-4 and 8-9-5 constituted a single enactment. See G. L. 1938, chap. 568, §3. When read as a whole, the enactment discloses a clear intent on the part of the legislature to delegate to the cities and towns power to designate the judge who, within the municipality, is to be charged with the administration of the probate law of the state. It is difficult to read in this context the phrase "Unless otherwise provided" as being intended to limit the preceding grant of authority to the local legislatures and to bar them from exercising in part the authority thus delegated to them by the statute, that is, to designate the judge of probate within the municipality. It is our opinion that the phrase "Unless otherwise provided" contemplates action taken by a city or town council to provide against a failure of the judicial system set up by the legislature to administer the law relating to the estates of decedents which could result from the absence or inability of the elected judge to serve in a particular instance. In brief, the legislative intent, in our opinion, was that in such instances the judicial power to administer the probate law would by express legislative mandate revert to the city or town council and thereby preclude any failure of the judicial system, the decisions of which so substantially affect property rights.

There is no merit in appellant's contention that the legislature made clear its intent to reserve to itself authority to provide for the designation of acting judges of probate by its enactment of specific exceptions from this provision in the case of the town of Bristol and the city of Newport. Conceding that an exception may properly be considered in ascertaining the true meaning of the statute, "it cannot put in to the previous provision something which was not there before." *Batcheller-Durkee* v. *Batcheller,* 39

R. I. 45, 61. In short, we are of the opinion that the exceptions are significant only of an intent to exempt these towns from the pertinent provision.

The decrees here challenged were entered pursuant to the co-administrators' petitions for permission to sell the real estate of their decedents for the purpose "of effecting a prompt and efficient settlement of the estate." It is clear that these petitions were brought under the terms of §33-12-6 which, in pertinent part, provide for the sale of the real estate of a decedent even though his personal property is sufficient to pay the debts of the estate and the expenses of its administration "whenever in the discretion of the probate court such action seems desirable in effecting a prompt and efficient settlement of the estate; provided, however, such authority shall not be given with reference to real estate specifically devised.

The appellant contends that under this statute the court cannot confer upon an administrator the power to sell real estate that vests in a commissioner acting under a bill for the partition of real estate. We agree that the statute was not intended to have this effect. The statute in its terms confers authority upon the court to permit a sale of the real estate of a decedent when in its discretion such action will further the prompt and efficient settlement of the estate. In short, the legislature, in providing for the devolution of estates, contemplated situations in which settlement is more likely to be accomplished where a sale of the realty of the decedent is ordered and conferred this power upon the probate court acting within its sound judicial discretion. It is in the public interest that the estates of decedents be promptly settled and that the property rights of heirs-at-law be fixed. It is within the legislative power to provide against undue delay in reaching these ends by authorizing the court to order a sale of the decedent's real estate.

The legislature having committed the matter of the sale of the real estate of the decedents in these circumstances

to the sound discretion of the court, we will review the court's exercise thereof only to ascertain whether it has been abused. We stated it to be our view that judicial discretion is properly exercised when reasonable consideration is given to all of the facts and to the rights of all of the parties involved in the action. *Manekofsky* v. *Baker*, 92 R. I. 377, 381. The instant record discloses, in our opinion, that the court gave full consideration to the factual situation involved here and that in exercising its discretion did so in the light of the effect of its action on the interests of all the heirs-at-law and clearly did not confine its consideration to the interests of appellant alone. It appears from the record that the evidence upon which the court relied is in the record by reason of the parties' stipulation that permission to sell the realty was sought "in view of the fact that the members of the family had had difficulty among themselves in arranging things * * *."

It is therefore our opinion that the superior court in the instant cases exercised its sound judicial discretion in entering the decrees under consideration. Because we take this view, we conclude that the exceptions should be overruled.

All of the appellant's exceptions are overruled, and each case is remitted to the superior court for further proceedings.

CONDON, C. J., concurring in part. I concur in the court's decision on the merits but I do not subscribe to its construction of the words "Unless otherwise provided" in G. L. 1956, §8-9-5. However, I am of the opinion that this question was not properly before the court for its determination since it is apparent that in any event the city solicitor was the acting probate judge de facto and as such the validity of his appointment could not be called in question collaterally in the proceedings before him or on appeal to the superior court. This question could only be raised directly in a case to which he is a party. *Angell* v. *Steere*, 16 R. I. 200.

This is a widely accepted rule. *Commonwealth* v. *Di-Stasio*, 297 Mass. 347; 43 Am. Jur., Public Officers, §495, p. 241. In the cited case the court said at page 351: "The rights of third persons ought not to be prejudiced as they would be if the acts of a *de facto* officer were rendered void by undisclosed circumstances and secret flaws in his title. The basis of his authority is secondary to the main issues on trial. An attack upon the authority of a public officer is commonly possible by a direct proceeding to test his title to office or in other actions where the question is raised directly."

Private persons are not permitted to question the title of such officers. It was said in *Norton* v. *Shelby County*, 118 U. S. 425, 441, that "For the good order and peace of society their authority is to be respected and obeyed until in some regular mode prescribed by law their title is investigated and determined."

In the case at bar, therefore, I think it would have been more consistent with this generally accepted principle of law "established from the earliest period, and repeatedly confirmed, by an unbroken current of decisions * * *," 43 Am. Jur., Public Officers, §495, note 10, p. 242, if the court had refused to consider appellant's collateral attack upon the validity of the acting probate judge's appointment. By so refusing, it would have quite properly avoided the necessity of construing §8-9-5 and conferring as it has done by its construction thereof an extremely broad legislative power upon the municipalities of the state contrary, in my opinion, to the clear intent of the legislature.

*Pontarelli & Berberian, Aram K. Berberian,* for appellant.

*Edwards & Angell, William H. Edwards, Hogan & Hogan, Edward T. Hogan,* for appellees.