Hillsborough County Probate Court
No. 6962

*In re* William A. McCrillis Estate

September 30, 1974

*Clancy & O'Neil* for Frank B. Clancy and James R. Critser, Jr., executors of the will of William A. McCrillis, filed no brief.

*Barry L. Cerier,* Esq., guardian ad litem, filed no brief.

DUNCAN, J. Petition by coexecutors for license to sell real estate under RSA 559:18 (Supp. 1973) which provides in pertinent part as follows: "License for Distribution. Unless the will otherwise provides, the judge on petition of an administrator or executor together with the written consent of the widow or widower and the heirs at law or devisees, or the guardians or conservators of such of them as are under disability, may grant a license to sell the whole or any part of the real estate of a decedent, in such manner and upon such notice as the judge shall order. Before such license is granted the petitioner shall file an affidavit of the names and addresses of all persons known to him as having or claiming any interest in said real estate . . . ."

William A. McCrillis, late of Merrimack, died on March 8, 1973, and his will was allowed on March 21, 1973. On May 28, 1974, the executors filed this petition for license to sell certain real estate by consent. Barry L. Cerier, Esq., was appointed guardian ad litem to represent the interests of "unknown heirs and those under disability, if any".

Concluding in a report to the court that there were no heirs under disability and none who had not consented, the guardian ad litem voiced "no objection" to allowance of the petition. The widow, and all devisees and heirs at law of the

decedent similarly consented in writing to the sale, with the exception of John H. McCrillis, a brother of the testator, and Martha M. Critser, a sister of the testator.

John H. McCrillis died April 4, 1973, in Ohio, and Martha M. Critser died March 8, 1974, in Massachusetts, neither having given written consent to the sale. Written consents to the sale were filed on behalf of the interest of John H. McCrillis by Helen McCrillis as executrix and widow, and by Helen and by Diane Thoreson, daughter of John, both as "sole devisees . . . and/or heirs of law" of John. Similarly, on behalf of the interest of Martha M. Critser, consents were filed by James R. Critser as executor and widower, and by James R. and by James R. Critser, Jr., son of Martha, both as "sole devisees . . . and/or heirs at law" of Martha. The following question of law was transferred by *Copadis,* J., under RSA 547:30, upon an agreed statement of facts: "May the judge of probate grant a license to sell the whole of said real estate of the decedent on petition of the executors together with the written consent of the living devisees and of those succeeding to the interests of the deceased devisees, all as provided for under RSA 559:18 (Supp. 1973) as amended?"

The statutory provision in question (RSA 559:18 (Supp. 1973)), has the obvious purpose of facilitating prompt and efficient settlement of estates where all parties in interest consent to the sale of real estate. *Cf.* RSA 559:1 and RSA 559:5 (Supp. 1973); *see Ranalli v. Edwards,* 98 R.I. 394, 202 A.2d 516 (1964); RSA 550:4 V (Supp. 1973).

In the absence of any evidence of insolvency on the part of the estates of John H. McCrillis or Martha M. Critser, the transferred question is answered in the affirmative.

*Remanded.*

All concurred.