**In re Anthony P. METAS, Debtor.**

**DOWNRIVER SCHOOL EMPLOYEES' CREDIT UNION, Appellant,**

v.

**Anthony P. METAS, Appellee.**

No. 95–46–CIV–T–17C.
Bankruptcy No. 94–1178–8B7.

United States District Court,
M.D. Florida,
Tampa Division.

June 14, 1995.

Donald William Giffin, Donald W. Giffin, P.A., Seminole, FL, for Anthony P. Metas.

S. Thomas Padgett, Padgett Wares, P.A., Tampa, FL, for Downriver School Employees' Credit Union.

*ORDER ON APPEAL FROM DISMISSAL WITH PREJUDICE*

KOVACHEVICH, District Judge.

This cause of action is before the Court on appeal from a determination by the United States Bankruptcy Court for the Middle District of Florida, the Honorable Thomas E. Baynes, Jr., Bankruptcy Judge, presiding and pursuant to 28 U.S.C. § 158(a).

The legal issue on appeal is whether the Bankruptcy Court committed reversible error by dismissing, with prejudice, Appellant's adversary proceeding Complaint on the ground that Appellant failed to comply with the Pretrial Discovery and Conference Order.

On February 4, 1994, Anthony P. Metas filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Downriver School Employees Credit Union (Downriver), is a creditor of Anthony P. Metas, and as such was included in the schedules filed by Appellee in his Chapter 7 case. On April 13, 1994, an adversary proceeding was instituted by Downriver against Metas seeking a denial of discharge and exception of the debt due Downriver from discharge, pursuant to §§ 523 and 727 of the United States Bankruptcy Code. An answer was filed to the adversary proceeding Complaint by Metas and a September 19, 1994, pretrial conference set pursuant to the Bankruptcy Court's Pretrial and Discovery Conference Order. At the Pretrial Conference, Judge Baynes dismissed with prejudice Downriver's Complaint for failure to comply with the Pretrial Order and Rule 26. Appellant Downriver filed a Motion for Reconsideration of Pretrial Order on October 26, 1994,

which was denied by Judge Baynes, as without merit, on November 4, 1994.

Appellant Downriver contends that the dismissal with prejudice presents three legal issues with which this Court must contend:

1) whether Federal Rule of Civil Procedure 26(a) and (f) apply in the aforementioned adversary proceeding;

2) whether Appellant Downriver complied with the Bankruptcy Court's Pretrial and Discovery Conference Order of May 2, 1994; and

3) whether the Bankruptcy Court abused its discretion and/or otherwise committed error in dismissing with prejudice Appellant's adversary proceeding Complaint on the grounds that its counsel had failed to comply with the Pretrial and Discovery Conference Order.

### Federal Rule of Civil Procedure 26 Applicability

As stated by the Appellant, the Honorable Alexander L. Paskay, Chief Bankruptcy Judge for the United States Bankruptcy Court, Middle District of Florida, entered a General Order which states, in part, "Each of the new requirements and limitations contained in the December 1, 1993, amendments to the Federal Rules of Civil Procedure that are described in the first paragraph of this Order are not, and shall not be, effective in any contested matter or adversary proceeding in any bankruptcy case pending in this District unless and until: ... b. An individual judge, by appropriate order, makes any or all of these amendments effective in any or all contested matters or adversary proceedings in bankruptcy cases pending before that judge ..." Clearly Judge Paskay's order gave Judge Baynes the authority to invoke Fed.R.Civ.P. 26 and Fed.R.B.P. 7026 if Judge Baynes desired to do so. Judge Baynes made Fed.R.B.P. 7016 and 7026 applicable to the case at bar in his Pretrial Discovery and Conference Order dated May 2, 1994. In the same order, Judge Baynes noted, "Failure to comply with this Pretrial Discovery and Conference Order shall result in appropriate sanctions including dismissal." A perusal of Fed.R.B.P. 7016 and 7026 reveals that not only are they similar to Fed. R.Civ.P. 26, but that Fed.R.B.P. 7026 contains the unambiguous statement, "Rule 26 F.R.Civ.P. applies in adversary proceedings." Since Judge Baynes made Fed.R.B.P. 7026 applicable in his Pretrial Discovery and Conference Order, and Fed.R.B.P. 7026 clearly applies Fed.R.Civ.P. 26 to adversary proceedings, Rule 26 applies in the aforementioned adversary proceeding.

### Appellant Downriver's Compliance with the Bankruptcy Court's Pretrial and Discovery Conference Order

The Pretrial and Discovery Order, pursuant to Fed.R.B.P. 7016 and 7026, requires the parties to confer, in a conference to be initiated by Appellant's counsel, thirty (30) days prior to the Pretrial Hearing and Discovery Conference, for all counsel to comply with Fed.R.B.P. 7026, and for all counsel to prepare and submit in writing to the court five (5) working days prior to the hearing a document to be captioned "JOINT PRETRIAL AND DISCOVERY CONFERENCE REPORT." Specific items for inclusion in the Joint Pretrial and Discovery Conference Report are also listed on the Pretrial and Discovery Order.

It is not contested that counsel met and prepared a Joint Pretrial and Discovery Conference Report. Neither is it contested that the Joint Pretrial and Discovery Conference Report was not timely filed with the Court. Therefore, the Pretrial and Discovery Order was violated by the failure to timely file the Joint Pretrial and Discovery Conference Report with the Court.

Counsel for Appellee Metas, Mr. Giffin, stated that he had no idea whether Rule 26(a) had been complied with. Counsel for Appellant Downriver, Mr. Wares, stated, "We filed a pretrial statement. I know it doesn't cover 26(a)" (Transcript of Pretrial Conference, p. 6). As previously stated, the Pretrial and Discovery Order instructed counsel to comply with Fed.R.B.P. 7026, which applies Fed.R.Civ.P. Rule 26 in adversary proceedings. Therefore, by stating that the Joint Pretrial and Discovery Conference Report did not comply with Fed.R.Civ.P. Rule 26(a), counsel implicitly informed the Court that the Joint Pretrial and Discovery

Conference Report did not comply with Fed. R.B.P. 7026. Therefore, the Pretrial and Discovery Order was violated a second time by the admitted failure to comply with Fed. R.Civ.P. Rule 26 when preparing the Joint Pretrial and Discovery Conference Report. Since two separate violations of the Pretrial and Discovery Order are admitted by counsel, it is clear to the Court that the Pretrial and Discovery Order was not followed.

### Whether the Bankruptcy Court Abused its Discretion and/or Otherwise Committed Error in Dismissing with Prejudice

■ When a Appellant invokes the jurisdiction of a court and seeks to avail himself of it, he does so with the understanding that he must abide by all lawful statutes, rules, and orders applicable to him; the court then has the inherent power to impose the sanction of dismissal in a proper case. See *Surrency v. Winn & Lovett Grocery Co.*, 160 Fla. 294, 34 So.2d 564 (1948). However, the power of a trial court to dismiss an action for failure of the Appellant to comply with an order of the court is not unlimited. See *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir.1977). In exercising jurisdiction to dismiss for disobedience of court orders, the trial court should do so with scrupulous regard for the rights of the parties to the actions, and this rule should be applied even when the Court acts *sua sponte*. *Manekofsky v. Baker*, 92 R.I. 377, 169 A.2d 376 (1961).

■ This scrupulous regard for parties' rights requires that such a drastic punishment as the dismissal of a party's action should not be invoked except where the actions of the party show a deliberate and contumacious disregard of the Court's authority. See *Allegro v. Afton Village Corp.*, 9 N.J. 156, 87 A.2d 430 (1952). In this case, the Appellant failed to comply with the Pretrial and Discovery Order by: 1) the failure of Appellant's counsel to timely file the Joint Pretrial and Discovery Conference Report with the Court; and, 2) by the admitted failure of Appellant's counsel to comply with Fed.R.Civ.P. Rule 26 when preparing the Joint Pretrial and Discovery Conference Report. Neither violation appears to the Court to constitute deliberate or contumacious disregard of the Bankruptcy Court's authority.

Dismissal with prejudice is a harsh sanction, particularly where the fault lies solely with Appellant's counsel. *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074 (D.C.Cir. 1986). Where the Appellant has a reasonable excuse for failure to comply with a rule or order, the Bankruptcy Court should, in its discretion, either refuse to dismiss or provide that the dismissal is without prejudice. For these reasons, federal courts generally hold that "except in extreme circumstances, a Court should first resort to the wide range of lesser sanctions which it may impose upon the litigant or the derlect attorney, or both," before ordering dismissal with prejudice. *Pickel v. U.S.*, 746 F.2d 176, 182 (3rd Cir. 1984). In the case at bar, dismissal with prejudice was the first and only sanction imposed upon the Appellant.

The Eleventh Circuit Court of Appeals agrees with the D.C. Circuit Court of Appeals that dismissal imposes a severe penalty for the misconduct of an attorney. A court should be reluctant to impose the harsh sanction of dismissal, where a party is not actually culpable. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).

Indeed, there are constitutional limitations upon the power of a court, even in aid of its own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of the cause that he or she is trying to advance. *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208–10, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). For this reason, appellate courts carefully scrutinize court dismissals with prejudice made on these grounds. See *Peardon v. Chapman*, 169 F.2d 909 (3rd Cir.1948). The Eleventh Circuit has promoted a strong judicial policy favoring the disposition of cases on the merits, believing that dismissal with prejudice is a harsh sanction. *Jones v. Graham*, 709 F.2d 1457 (11th Cir.1983).

Should a dismissal with prejudice occur, an application for reinstatement of an action is addressed to the sound discretion of the trial court. *State ex rel. Jacksonville Ice & Cold Storage Co. v. Gray*, 130 Fla. 359, 177 So. 849 (1937). Absent an abuse of such discretion, the Court's determination will not be dis-

turbed on review. *Bowen v. Wyeth,* 119 Ga. 687, 46 S.E. 823 (1904). In the case at bar, Appellant Downriver filed a Motion for Reconsideration of Pretrial Order on October 26, 1994, which was denied as without merit on November 4, 1994, by Judge Baynes. This Court will not disturb that denial unless it feels that there has been an abuse of the Bankruptcy Court's discretion in the original dismissal with prejudice of the adversary proceeding and in the denial of the Motion for Reconsideration. Having reviewed the record, the District Court feels that there may have been an abuse of discretion in the imposition of such a severe sanction as dismissal with prejudice, and a less than scrupulous regard for the rights of the parties to the action, since dismissal with prejudice was the first and only sanction imposed by the Bankruptcy Court. Accordingly it is

**ORDERED** that the Appellant's Bankruptcy Appeal (Docket No. 3) be **granted;** that the Appellant's Motion for Reconsideration of Pretrial Order and the dismissal with prejudice be **reversed;** the cause be **remanded** to the Bankruptcy Court to consider alternative sanctions to dismissal with prejudice; and the Clerk of the Court be **directed** to dismiss this appeal.

**DONE AND ORDERED.**